IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY SAHL FERRIS,<br><br>Defendant. | Case No. 3:20-cr-96<br><br>**UNITED STATES' MOTION IN LIMINE TO INTRODUCE INTRINSIC EVIDENCE OR, ALTERNATIVELY, NOTICE OF INTENT TO USE 404(b) EVIDENCE** |

The United States of America, by Nicholas W. Chase, Acting United States Attorney for the District of North Dakota, and Dawn M. Deitz, Assistant United States Attorney, hereby seeks to admit at trial as intrinsic evidence the history and dynamics between S.L., his mother, Suzie Decoteau, the Defendant's son, S.F., and the Defendant. Alternatively, the United States hereby provides notice of its intent to introduce this same evidence under Rule 404(b) for any of the purposes set forth in Rule 404(b), including but not limited to motive, intent, identity, plan, knowledge or absence of mistake or accident.

I. BACKGROUND FACTS

On April 24, 2020, seven teenage boys, including B.B., E.D., W.D., K.D., S.L., Z.P., and J.M., were riding dirt bikes and four-wheelers throughout the Belcourt area on the Turtle Mountain Indian Reservation in North Dakota. The boys traveled to the residence of Z.P., then to an abandoned property less than one mile east of Z.P.'s residence. The abandoned property had been in said state for decades. While at the property, the boys looked around throughout the property and buildings. The abandoned property consists of a main house, one shed to the north of the main house, a smaller

house/garage to the east of the main house, and two smaller sheds near the smaller house.

S.L. climbed onto the roof of the main house. While S.L. was on the roof, his friends remained on the ground. The boys were on the property for approximately 15–20 minutes when W.D. informed the others a vehicle was traveling down the path at a high rate of speed. The boys panicked given the speed of the vehicle and retreated to their respective dirt bikes or four-wheelers. S.L.'s dirt bike is a kick start which he had difficulty starting. S.L. described to law enforcement that he had to hug up towards the smaller house/garage to avoid being hit by the vehicle, a green-colored Jeep driven by the Defendant. Each of the boys described being chased and fearing for their lives. The boys took various paths, retreating to Z.P.'s residence. At Z.P.'s residence, the boys realized that B.B. was not with them. The boys informed Z.P.'s parents what happened, waved down a police officer nearby at Harris Oil, and returned to the abandoned property.

B.B. stated while he was attempting to retreat, he hit something that caused him to crash and fall. B.B. stated while he was on the ground, the Defendant approached him, pointed a firearm at B.B., and told B.B. to stay on the ground. B.B. complied with the commands in fear of being shot. B.B. would also describe the Defendant asking B.B. "why are you hanging out with that fucking pussy bitch kid [S.L.]?" B.B. would further describe continued fear of the Defendant due to the Defendant pointing a firearm at B.B.

## II.  INTRINSIC EVIDENCE

*Res Gestae*, also known as intrinsic evidence, is evidence of wrongful conduct other than the charged crime offered for the purpose of providing the context in which the charged crime occurred. United States v. Campbell, 764 F.3d 880, 888 (8th Cir. 2014).

The Eighth Circuit has long recognized that "a jury is entitled to know the circumstances and background of a criminal charge and have permitted the introduction of evidence providing the content in which the crime occurred, i.e. *res gestae*." United States v. LaDue, 561 F.3d 855, 857 (8th Cir. 2009) (citing United States v. Savage, 863 F.2d 595, 599 (8th Cir. 1988) (internal quotations omitted). When evidence is admitted as *res gestae*, Rule 404(b) is not implicated because the prior crime is so intertwined with the charged crime or explains the circumstances thereof; or tends logically to prove any element of the crime charged. United States v. Vigil, No. 6:19-CR-60001, 2019 WL 6329641, at *2 (W.D. Ark. Nov. 26, 2019); United States v. Maxwell, 643 F.3d 1096, 1100 (8th Cir. 2011). The activity in question "arguably play[s] an integral role in the instant offense, and the district court [does] not abuse its discretion in admitting the challenged testimony as res gestae, non-Rule 404(b) evidence." Id. at 1135 (referencing Moore v. United States, 178 F.3d 994, 1000 (8th Cir. 1999) ("Evidence that 'tends logically to prove any element of the crime charged . . . is admissible as an integral part of the immediate context of the crime' and is not governed by [Rule] 404(b).") (internal citation omitted)).

"'[B]ad acts that form the factual setting of the crime in issue' or that 'form an integral part of the crime charged' do not come within [Rule 404(b)'s] ambit at all." United States v. Wilson, 177 F.3d 712, 714 (8th Cir. 1999) (citing United States v. Heidebur, 122 F.3d 577, 579 (8th Cir. 1997)) (quoting United States v. Williams, 95 F.3d 723, 731 (8th Cir. 1996)). Evidence of prior acts establishing intent is admissible when a

3

party places his state of mind at issue.  United States v. White Plume, 847 F.3d 624 (8th Cir. 2017).

The United States anticipates the Defendant's state of mind will be at issue at trial.  The United States anticipates the Defendant will assert he went to the abandoned property as he believed it was being vandalized.  Further, the Defendant denies pointing a firearm at B.B. and claims the firearm remained at his side throughout the encounter.

In United States v. Tate, 821 F.2d 1328, 1329–32 (8th Cir. 1987), the Eighth Circuit affirmed the admission of *res gestae* evidence where defendant evaded capture after committing the charged offense and was arrested one week later.  Following a traffic stop of defendant's vehicle, state troopers learned that defendant's driver's license contained an alias and that he was wanted by the State of Washington on weapons charges.  Id. at 1329.  As the troopers approached his vehicle, defendant opened fire on the troopers with an automatic weapon, killing one officer and wounding the other.  Id.  He fled on foot, but law enforcement conducted a search of his vehicle where they recovered numerous automatic weapons and ammunition.  Id.  Defendant was eventually captured one week later and charged with various weapons charges.  Id.  During the federal trial, the district court admitted evidence of the shootings of the state troopers because the weapons charges arose directly from the traffic stop.  Id. at 1331.  The Eighth Circuit concluded that admission of evidence regarding the shootings was necessary to explain how the surviving trooper identified defendant at trial and the circumstances of the seizure of the weapons.  Id.  As the court explained, "the government would have been hard pressed to explain the factual circumstances of its case without mention of the

shootings." Id.  Accordingly, because the shootings of the state troopers was an integral part of the overall criminal transaction, they constituted admissible *res gestae* evidence.

Even when evidence is properly considered *res gestae* evidence, it may nonetheless be excluded under Rule 403(b) if its probative value is substantially outweighed by a danger of unfair prejudice.  LaDue, 561 F.3d at 858–59.  The proper question is not whether the evidence prejudices the defendant.  Rather, the relevant question is whether the risk of unfair prejudice "substantially outweighs" the probative value of the evidence.  Put differently, the question is whether the risk that the admission of this evidence will "cause the jury to decide the instant case against [the defendant] on an improper emotional basis" substantially outweighs the probative value of the evidence. United States v. McGlothin, 705 F.3d 1254, 1266 (10th Cir. 2013).  The Eighth Circuit has repeatedly held that the probative value of the events leading up to a defendant's arrest in felon-in-possession cases is not substantially outweighed by the danger of potentially unfair prejudice.  Vigil, 2019 WL 6329641 at *3; LaDue, 561 F.3d 855; Tate, 821 at 1331.  That's true even when the *res gestae* evidence involves violent conduct such as an officer shooting or a domestic assault.  Tate, 821 F.2d at 1329–32; United States v. Brown, 22 F. App'x. 102, 103 (4th Cir. 2001) (upholding evidence of defendant's assault on his girlfriend prior to his arrest as admissible *res gestae* in felon-in-possession case).

If the Court finds the incident to be too far removed in time to be *res gestae*, the evidence would surely be admissible under 404(b) analysis. Rule 404(b) prohibits the introduction of "[e]vidence of other crimes, wrongs, or acts . . . to prove the character of a

5

person in order to show action in conformity therewith," although such evidence may be admissible "for other purposes, such as proof of motive . . . intent . . . [or] plan. . .." Fed. R. Evid. 404(b). To admit evidence under Rule 404(b), the evidence "must (1) be relevant to a material issue raised at trial, (2) be similar in kind and close in time to the crime charged, (3) be supported by sufficient evidence to support a finding by a jury that the defendant committed the other act, and (4) not have a prejudicial value that substantially outweighs its probative value." United States v. Johnson, 439 F.3d 947, 952 (8th Cir. 2006) (quotation omitted). Rule 404(b) permits other-acts evidence to be offered to demonstrate motive, as it is "separate and distinct from the impermissible purpose of showing propensity." See United States v. Gipson, 446 F.3d 828, 831 (8th Cir. 2006) (allowing other-acts evidence to demonstrate the defendant's knowledge, intent and plan); see also United States v. Drapeau, 414 F.3d 869, 875 (8th Cir. 2005).

Evidence of prior bad acts is not admissible under Rule 404(b) "solely to prove the defendant's criminal disposition," United States v. Shoffner, 71 F.3d 1429, 1432 (8th Cir. 1995), but is admissible to show "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b); United States v. Jackson, 278 F.3d 769, 771 (8th Cir. 2002). It is anticipated that the defense at trial will consist of a general denial, which places the Defendant's state of mind at issue. See United States v. Thomas, 58 F.3d 1318, 1321 (8th Cir. 1995) (stating that Rule 404(b) evidence admissible when defendant places state of mind at issue, even if done by means of general-denial defense). "Where intent is an element of the crime

charged, evidence of other acts tending to establish that element is generally admissible." United States v. Weddell, 890 F.2d 106, 107–108 (8th Cir. 1989).

For evidence to be inadmissible under 404(b), its probative value must be substantially outweighed by its unfair prejudice. Johnson, 439 F.3d at 952. As outlined above, after B.B. crashed his dirt bike, the Defendant approached B.B., pointed a firearm at B.B., and would eventually ask B.B. why he was hanging out with S.L. Government's Exhibit 1 (Bates Nos. 00001–00002). The Defendant, his son S.F., S.L., and S.L.'s mother, Suzie Decoteau, used to reside in the same BIA housing development. Government's Exhibit 2 (Bates Nos. 00010–00011) and 3 (Bates No. 00005). S.F. was accused of vandalizing Suzie Decoteau's camper. Government's Exhibit 4. Suzie Decoteau would describe continued issues in the housing development with the Defendant and/or S.F. to include the Defendant entering Suzie Decoteau's garage without permission, S.F. destroying Suzie Decoteau's above ground pool, and S.F. and S.L. having physical altercations. Government's Exhibit 2, 3, and 5. This led to neighbors petitioning to have the Defendant and his son, S.F., removed from the housing development. Id. This evidence clearly has bearing on the case and would be offered to show the Defendant's motive. United States v. Walker, 428 F.3d 1165, 1169–70 (8th Cir. 2005) (finding that evidence of prior conviction was admissible because it was "part of the history of [the parties'] relationship," it was relevant to motive and its probative value outweighed its potential prejudicial effect); see also United States v. Farish, 535 F.3d 815 (8th Cir. 2008) (finding probative value of evidence that defendant committed two acts of domestic abuse against his girlfriend was not substantially outweighed by any unfair

7

prejudice in defendant's trial for arson, and therefore district court did not abuse its discretion by admitting evidence; under government's theory, defendant concluded that his girlfriend keyed his car leading him to hire someone to start a fire at her home, and without the domestic abuse evidence, the jury would have been left to speculate as to why defendant might conclude that his girlfriend keyed his car).

While the history between the parties stems several years back, with Rule 404(b) "there is no fixed period within which the prior acts must have occurred," United States v. Baker, 82 F.3d 273, 276 (8th Cir. 1996), and Courts have approved the admission of other crimes evidence for acts committed up to thirteen years before the crime charged. United States v. Engleman, 648 F.2d 473, 479 (8th Cir. 1981); see also United States v. Molina, 172 F.3d 1048, 1054–55 (8th Cir. 1999) (upholding admission of trafficking and possession convictions from ten years prior to offense charged). Whether or not a prior act is close in time is a question of reasonableness under all the circumstances. Shoffner, 71 F.3d at 1432–33 (quoting Engleman, 648 F.2d at 479). Since the Defendant's prior acts as previously described and the current offense involve one of the same individuals, and based upon the Defendant's statement to B.B. appear to be part of the Defendant's state of mind for the current offense, the relative time periods are not unreasonably distant in terms of the Rule 404(b) test. Walker, 428 F.3d at 1170–71.

Without the history of the parties evidence, the jury would be left to speculate as to why the Defendant made statements about S.L. Because the evidence is necessary to explain the Defendant's motive, the probative value of the evidence substantially outweighs any unfair prejudice.

Dated: May 5, 2021

                              NICHOLAS W. CHASE
                              Acting United States Attorney

By:   /s/ *Dawn M. Deitz*
       DAWN M. DEITZ
       Assistant United States Attorney
       ND Bar ID 06534
       655 First Avenue North, Suite 250
       Fargo, ND  58102-4932
       (701) 297-7400
       dawn.deitz@usdoj.gov
       Attorney for United States