# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | **PRELIMINARY INSTRUCTIONS** |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:20-cr-96 |
| | ) | |
| Jeffrey Sahl Ferris, | ) | |
| | ) | |
| Defendant. | ) | |

---

## GENERAL INSTRUCTIONS                                    P-1

Members of the Jury, I want to take a few moments to give you some instructions about this case and about your duties as jurors.  At the end of the trial, I will give you more detailed instructions.  I may also give you instructions during trial.  Unless I specifically tell you otherwise, all such instructions—both those I give you now and those I give you later—are equally binding on you and must be followed.

This is a criminal case brought by the United States against the Defendant, Jeffrey Sahl Ferris.  Mr. Ferris is charged with one count of reckless endangerment, seven counts of assault with a dangerous weapon, one count of terrorizing, and one count of use of a firearm in relation to a felony crime of violence.  The offenses Mr. Ferris has been charged with are set forth in a document referred to as an Indictment, which reads as follows:

COUNT ONE

**Reckless Endangerment**

The Grand Jury Charges:

On or about April 24, 2020, in the District of North Dakota, in Indian country, and within the exclusive jurisdiction of the United States,

JEFFREY SAHL FERRIS,

a non-Indian, created a substantial risk of serious bodily injury or death to another, namely, B.B., S.L., E.D., K.D., J.M., Z.P., and W.D., Indians, and the circumstances manifested an extreme indifference to the value of human life by driving a Jeep vehicle in excessive speeds in the direction of and nearly striking B.B., S.L., E.D., K.D., J.M., Z.P., and W.D., with said Jeep vehicle;

In violation of Title 18, United States Code, Sections 13 and 1152; and North Dakota Century Code, Sections 12.1-17-03 and 12.1-32-01.

COUNT TWO

**Assault with a Dangerous Weapon**

The Grand Jury Further Charges:

On or about April 24, 2020, in the District of North Dakota, in Indian country, and within the exclusive jurisdiction of the United States,

JEFFREY SAHL FERRIS,

a non-Indian, assaulted S.L., an Indian, with a dangerous weapon, namely, a Jeep vehicle, with intent to do bodily harm to S.L.;

In violation of Title 18, United States Code, Sections 113(a)(3) and 1152.

## COUNT THREE

**Assault with a Dangerous Weapon**

The Grand Jury Further Charges:

On or about April 24, 2020, in the District of North Dakota, in Indian country, and within the exclusive jurisdiction of the United States,

JEFFREY SAHL FERRIS,

a non-Indian, assaulted E.D., an Indian, with a dangerous weapon, namely, a Jeep vehicle, with intent to do bodily harm to E.D.;

In violation of Title 18, United States Code, Sections 113(a)(3) and 1152.

## COUNT FOUR

**Assault with a Dangerous Weapon**

The Grand Jury Further Charges:

On or about April 24, 2020, in the District of North Dakota, in Indian country, and within the exclusive jurisdiction of the United States,

JEFFREY SAHL FERRIS,

a non-Indian, assaulted K.D., an Indian, with a dangerous weapon, namely, a Jeep vehicle, with intent to do bodily harm to K.D.;

In violation of Title 18, United States Code, Sections 113(a)(3) and 1152.

## COUNT FIVE

**Assault with a Dangerous Weapon**

The Grand Jury Further Charges:

On or about April 24, 2020, in the District of North Dakota, in Indian country, and within the exclusive jurisdiction of the United States,

JEFFREY SAHL FERRIS,

a non-Indian, assaulted J.M., an Indian, with a dangerous weapon, namely, a Jeep vehicle, with intent to do bodily harm to J.M.;

In violation of Title 18, United States Code, Sections 113(a)(3) and 1152.

## COUNT SIX

**Assault with a Dangerous Weapon**

The Grand Jury Further Charges:

On or about April 24, 2020, in the District of North Dakota, in Indian country, and within the exclusive jurisdiction of the United States,

JEFFREY SAHL FERRIS,

a non-Indian, assaulted Z.P., an Indian, with a dangerous weapon, namely, a Jeep vehicle, with intent to do bodily harm to Z.P.;

In violation of Title 18, United States Code, Sections 113(a)(3) and 1152.

<u>COUNT SEVEN</u>

**Assault with a Dangerous Weapon**

The Grand Jury Further Charges:

On or about April 24, 2020, in the District of North Dakota, in Indian country, and within the exclusive jurisdiction of the United States,

JEFFREY SAHL FERRIS,

a non-Indian, assaulted B.B., an Indian, with a dangerous weapon, namely, a Jeep vehicle, with intent to do bodily harm to B.B.;

In violation of Title 18, United States Code, Sections 113(a)(3), and 1152.

<u>COUNT EIGHT</u>

**Assault with a Dangerous Weapon**

The Grand Jury Further Charges:

On or about April 24, 2020, in the District of North Dakota, in Indian country, and within the exclusive jurisdiction of the United States,

JEFFREY SAHL FERRIS,

a non-Indian, assaulted W.D., an Indian, with a dangerous weapon, namely, a Jeep vehicle, with intent to do bodily harm to W.D.;

In violation of Title 18, United States Code, Sections 113(a)(3) and 1152.

## COUNT NINE

### Terrorizing

The Grand Jury Further Charges:

On or about April 24, 2020, in the District of North Dakota, in Indian country, and within the exclusive jurisdiction of the United States,

### JEFFREY SAHL FERRIS,

a non-Indian, with intent to place another human being, namely, B.B., an Indian, in fear for his and another's safety, and in reckless disregard of the risk of causing such terror, threatened to commit a crime of violence and act dangerous to human life, by brandishing a firearm at B.B.;

In violation of Title 18, United States Code, Sections 13 and 1152, and North Dakota Century Code, Sections 12.1-17-04 and 12.1-32-01.

## COUNT ELEVEN

### Use of a Firearm in Relation to a Felony Crime of Violence

The Grand Jury Further Charges:

On or about April 24, 2020, in the District of North Dakota,

### JEFFREY SAHL FERRIS,

did knowingly use a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, to wit: Terrorizing, as set forth in Count Nine above;

In violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii) and 2.

You should understand that an Indictment is simply an accusation and a description of the charges made by the United States against the Defendant.  It is not evidence of anything.  The Defendant has pleaded not guilty, and he is presumed innocent unless and until proven guilty beyond a reasonable doubt.

The United States must prove each essential element of the offenses charged beyond a reasonable doubt.  There is no burden upon a Defendant to prove that he is innocent.

It will be your duty as jurors to decide from the evidence whether the Defendant is guilty or not guilty of the offenses charged.  From the evidence, you will decide what the facts are.  You are entitled to consider the evidence in light of your own observations and experiences in the affairs of life.  You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence.  You will then apply those facts to the law which I give you in the instructions, and in that way reach your verdicts.  You are the sole judges of the facts.  However, you must follow the law as stated in my instructions, whether you agree with it or not.

Do not allow sympathy or prejudice to influence you.  The law demands of you just verdicts, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what I think your verdicts should be.

Finally, please remember that only this Defendant and not anyone else is on trial here.  Further, this Defendant is on trial only for the offenses charged and not for anything else.

## ELEMENTS OF THE OFFENSES—PRELIMINARY                    P-2

In order to help you follow the evidence, I will now give you a brief summary of the elements of the crimes charged, which the United States must prove beyond a reasonable doubt to make its case.

As to Count One, which charges reckless endangerment, the five essential elements are:

One,        the Defendant created a substantial risk for serious bodily injury or death to another, namely, B.B., S.L., E.D., K.D., J.M., Z.P., and W.D.;

Two,        the Defendant created the risk under circumstances manifesting extreme indifference to the value of human life;

Three,      the Defendant engaged in the conduct recklessly;

Four,       B.B., S.L., E.D., K.D., J.M., Z.P., and W.D. are Indians; and

Five,       the offense occurred in Indian country.

As to Count Two, which charges assault with a dangerous weapon, the four essential elements are:

One,        the Defendant assaulted S.L. with the specific intent to cause bodily harm;

Two,        the Defendant used a dangerous weapon, namely, a Jeep vehicle;

Three,      S.L. is an Indian; and

Four,        the offense occurred in Indian country.

As to Count Three, which charges assault with a dangerous weapon, the four essential elements are:

One,        the Defendant assaulted E.D. with the specific intent to cause bodily harm;

Two,        the Defendant used a dangerous weapon, namely, a Jeep vehicle;

Three,      E.D. is an Indian; and

Four,        the offense occurred in Indian country.

As to Count Four, which charges assault with a dangerous weapon, the four essential elements are:

One,        the Defendant assaulted K.D. with the specific intent to cause bodily harm;

Two,        the Defendant used a dangerous weapon, namely, a Jeep vehicle;

Three,      K.D. is an Indian; and

Four,        the offense occurred in Indian country.

As to Count Five, which charges assault with a dangerous weapon, the four essential elements are:

One,        the Defendant assaulted J.M. with the specific intent to cause bodily harm;

Two,        the Defendant used a dangerous weapon, namely, a Jeep vehicle;

Three,        J.M. is an Indian; and

Four,         the offense occurred in Indian country.

As to Count Six, which charges assault with a dangerous weapon, the four essential elements are:

One,          the Defendant assaulted Z.P. with the specific intent to cause bodily harm;

Two,          the Defendant used a dangerous weapon, namely, a Jeep vehicle;

Three,        Z.P. is an Indian; and

Four,         the offense occurred in Indian country.

As to Count Seven, which charges assault with a dangerous weapon, the four essential elements are:

One,          the Defendant assaulted B.B. with the specific intent to cause bodily harm;

Two,          the Defendant used a dangerous weapon, namely, a Jeep vehicle;

Three,        B.B. is an Indian; and

Four,         the offense occurred in Indian country.

As to Count Eight, which charges assault with a dangerous weapon, the four essential elements are:

One,          the Defendant assaulted W.D. with the specific intent to cause bodily harm;

Two,          the Defendant used a dangerous weapon, namely, a Jeep vehicle;

Three,        W.D. is an Indian; and

Four,         the offense occurred in Indian country.

As to Count Nine, which charges terrorizing, the four essential elements are:

One,          the Defendant, with intent to place another human being, namely,

              B.B., in fear for that person's or another's safety, or in reckless

              disregard of the risk of causing such terror;

Two,          the Defendant threatened to commit a crime of violence or act

              dangerous to human life;

Three,        B.B. is an Indian; and

Four,         the offense occurred in Indian country.

As to Count Eleven, which charges use of a firearm in relation to a felony crime of violence, the two essential elements are:

One,          the Defendant committed the crime of Terrorizing, as set forth in

              Count Nine of the Indictment; and

Two,          the Defendant knowingly used a firearm during and in relation to

              that crime.

If you find the Defendant guilty of the crime charged in Count 11 of the Indictment, you must then determine unanimously and beyond a reasonable doubt whether the Defendant brandished the firearm during the course of the offense.

You should understand, however, that what I have just given you is only a preliminary outline.  At the end of the trial I will give you a final instruction on these matters.  If there is any difference between what I just told you, and what I tell you in the instructions that I give you at the end of the trial, the instructions given at the end of the trial must govern you.

## <u>"ON OR ABOUT" DEFINED</u>                                    **P-3**

The Indictment charges that the offenses were committed "on or about" a certain date.  The proof need not establish with certainty the exact date of the alleged offenses.  It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offenses were committed on a date reasonably near the alleged date.

## "EVIDENCE" DEFINED                                    P-4

I have mentioned the word "evidence."  "Evidence" includes the testimony of witnesses, documents and other things received as exhibits during the trial, any facts that have been stipulated—that is, formally agreed to by the parties, and any facts that have been judicially noticed—that is, facts which I say you may, but are not required to accept as true, even without evidence.

The following are not considered to be evidence:

(1)    Statements, arguments, questions, and comments by lawyers are not evidence.

(2)    Objections are not evidence.  Lawyers have a right to object when they believe something is improper.  You should not be influenced by any objections.  If I sustain an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

(3)    Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

(4)    Anything you see or hear about this case outside of the courtroom is not evidence unless I tell you otherwise.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only.  That is, it can be used only for one particular purpose, and not for any other purpose.  I will tell you when that occurs and instruct you on the purposes for

which the item can and cannot be used.  Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence."  You should not be concerned with those terms.  The law makes no distinction between direct and circumstantial evidence.  As a result, you should give all evidence the weight and value you believe it is entitled to receive.

## <u>CREDIBILITY OF THE WITNESSES</u>                                    P-5

In deciding the facts in this case, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe all of what a witness said, only part of it, or none of it.

In deciding what testimony of any witness to believe, you may take into account the witness's intelligence, the opportunity the witness had to see or hear the things testified about, the witness's memory, the motives the witness may have for testifying a certain way, the witness's interest in the outcome of the case and any bias or prejudice, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony in light of all the evidence, and any other factors that bear on believability.

## <u>NOTE TAKING</u>                                                    P-6

At the end of the trial you must make your decision based on what you recall of the evidence.  You will not have a written transcript to consult.  You must pay close attention to the testimony as it is given.

If you wish, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and the other jurors go back to the jury room to decide the case.  When you leave at night, your notes will be secured and will not be read by anyone.

## **BENCH CONFERENCES** P-7

During the trial it may be necessary for me to talk with the lawyers out of the hearing of the jury, either by having a bench conference here while the jury is present in the courtroom or by calling a recess. If the bench conference is held in the courtroom, the clerk will switch on what we refer to as "white noise" so that the jurors cannot hear what is being said by the lawyers and myself. While the bench conferences are being conducted, please feel free to stand and stretch and visit among yourselves about anything except the case.

## CONDUCT OF JURORS DURING TRIAL                    P-8

To ensure fairness, you must obey the following rules which will apply until the trial is over.

Do not talk among yourselves about this case, or about anyone involved with it, until you go to the jury room to decide on your verdicts.

Do not talk with anyone else about this case, or about anyone involved with it, until the trial is over.

When you are outside the courtroom, do not let anyone ask you about or tell you anything about this case, anyone involved with it, any news story, rumor, or gossip about it, until the trial is over.  If someone should try to talk to you about this case during the trial, please report it to me immediately.

During the trial, you should not talk to any of the parties, lawyers, or witnesses —even to pass the time of day—so that there is no reason to be suspicious about your fairness.  The lawyers, parties, and witnesses are not supposed to talk to you, either.

You may need to tell your family, friends, teachers, co-workers, or employer about your participation in this trial, so that you can tell them when you must be in court and warn them not to ask you or talk to you about the case.  However, do not provide any information to anyone by any means about this case until after I have accepted your verdicts.  That means do not talk face-to-face <u>or</u> use any electronic

device or media, such as the telephone, a cell or smart phone, iPhones, iPads, Blackberry, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, YouTube, or Twitter, to communicate to anyone any information about this case until I accept your verdicts.

Do not do any research—on the Internet, in libraries, in the newspapers, or in any other way—or conduct any investigation into this case, the law, or the people involved on your own.

When you sit on a jury you should not go looking for information that you think may help you decide the case.  This includes visiting crime scenes or accident sites, looking up information in newspapers, law books, scientific journals, or encyclopedias, or calling a friend who might be an expert about an issue in the case. You **MUST** decide the case based only on the evidence presented at trial.

This is especially true if you use the Internet and/or social media.  Many of us are so used to satisfying our curiosity about something by searching for answers on Google or some other search engine, texting a friend, or asking our Facebook friends the answer.  It is hard to put those habits aside when it comes to jury duty.

However, you **CANNOT** talk about or find information on the case you are serving as a juror for, either during the trial or during the deliberations at the close of trial.  You must not blog or text or tweet or chat or in any way ask questions, share

impressions, or say anything at all about the trial.  You must not use the Internet, Facebook, or Twitter (or any other social media platform) to research the case, or any participants in the case.  And you must never, at any time during trial or deliberations, communicate with the lawyers or witnesses in the case or any other persons attending the trial, even if the communication occurs over Facebook, Twitter, or any other social media.

It is important that you decide the case based solely on the evidence presented within the four walls of the courtroom.  Information available through the Internet or social media may be wrong, incomplete, or inaccurate.  In our judicial system, it is important that you are not influenced by anything or anyone outside of the courtroom.  Otherwise, your decision may be based on information known only by you, and not by your fellow jurors or the parties in the case.  This unfairly and adversely impacts the judicial process.

Do not read any news stories or articles in print, on the Internet, or in any blog about this case, or about anyone involved with it, or listen to any radio or television reports about it or about anyone involved with it, or let anyone tell you anything about any such news reports.  I assure you that when you have heard all the evidence, you will know more about this case than anyone will learn through the news media— and it will be more accurate.

Do not make up your mind during the trial about what the verdicts should be. Keep an open mind until you have had a chance to discuss the evidence with other jurors during deliberations.

Because you are making very important decisions in this case, I strongly encourage you to evaluate the evidence carefully and to resist jumping to conclusions based on personal likes or dislikes, generalizations, gut feelings, prejudices, sympathies, stereotypes, or biases.  The law demands that you return just verdicts based solely on the evidence, your individual evaluation of the evidence, your reason and common sense, and these instructions.  Our system of justice is counting on you to render fair decisions based on the evidence, not on biases or prejudices.

If at any time during the trial you have a problem that you would like to bring to my attention, or if you feel ill or need to go to the restroom, please send a note to my law clerk, who will give it to me.  I want you to be comfortable, so please do not hesitate to tell us about any problem.

## TRIAL PROCEDURE                                             P-9

The first step in the trial will be the opening statements.  The United States will first make an opening statement and outline for you what it expects the evidence will show at trial.  Next, the Defendant's attorney may, but does not have to, make an opening statement.  A party is not required to make an opening statement.  An opening statement is not evidence.  It is simply a summary of what the attorney expects the evidence will show.

The United States will then present its evidence.  Following the United States' case, the Defendant may, but does not have to, present evidence, testify, or call other witnesses.  There is no burden upon a Defendant to prove that he is innocent.

After the presentation of evidence is completed, the parties will make their closing arguments.  As with opening statements, closing arguments are not evidence. The Court will then provide you with some additional instructions on the law you are to use in reaching your verdicts.  After that you will leave the courtroom to deliberate and make your decisions.