## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | **FINAL INSTRUCTIONS** |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:20-cr-96 |
| | ) | |
| Jeffrey Sahl Ferris, | ) | |
| | ) | |
| Defendant. | ) | |

_____

## INTRODUCTION                                                F-1

Members of the jury, the instructions I gave you at the beginning of the trial and during the trial remain in effect.  I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now.  You must not single out some instructions and ignore others, because <u>all</u> are important.  This is true even though some of those I gave you earlier are not repeated here.

The instructions I am about to give you now as well as those I gave you earlier are in writing and will be available to you in the jury room.  Again, <u>all</u> instructions, whenever given and whether in writing or not, must be followed.

**DUTY OF JURY**                                                    **F-2**

It is your duty to find from the evidence what the facts are.  You will then apply the law, as I give it to you, to those facts.  You must follow my instructions on the law, even if you thought the law was different or should be different.

Do not allow sympathy or prejudice to influence you.  The law demands of you just verdicts, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

## **EVIDENCE; LIMITATIONS**                                          **F-3**

I have mentioned the word "evidence."  The "evidence" in this case consists of the testimony of witnesses, the documents and other things received as exhibits, and the facts that have been stipulated—that is, formally agreed to by the parties.

You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence in the case.

Certain things are not evidence.  I will list those things again for you now:

(1)     Statements, arguments, questions, and comments by lawyers representing the parties in the case are not evidence.

(2)     Objections are not evidence.  Lawyers have a right to object when they believe something is improper.  You should not be influenced by the objection.  If I sustained an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

(3)     Testimony that I struck from the record, or told you to disregard, is not evidence and must not be considered.

(4)     Anything you saw or heard about this case outside the courtroom is not evidence.

If you were instructed that some evidence was received for a limited purpose only, you must follow that instruction.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence." You are instructed that you should not be concerned with those terms. The law makes no distinction between direct and circumstantial evidence. You should give all evidence the weight and value you believe it is entitled to receive.

## CREDIBILITY OF WITNESSES                                            F-4

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, consider the witness's intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness's memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things.  You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

You should judge the testimony of the Defendant in the same manner as you judge the testimony of any other witness.

## DESCRIPTION OF CHARGES; INDICTMENT NOT EVIDENCE;     F-5
## PRESUMPTION OF INNOCENCE; BURDEN OF PROOF

The Indictment in this case charges the Defendant with one count of reckless endangerment, seven counts of assault with a dangerous weapon, one count of terrorizing, and one count of use of a firearm in relation to a felony crime of violence. The Defendant has pleaded not guilty to those charges.

The Indictment is simply the document that formally charges the Defendant with the crimes for which he is on trial.  The Indictment is not evidence.  At the beginning of the trial, I instructed you that you must presume the Defendant to be innocent.  Thus, the Defendant began the trial with a clean slate, with no evidence against him.

The presumption of innocence alone is sufficient to find the Defendant not guilty and can be overcome only if the United States proved during the trial, beyond a reasonable doubt, each element of the crimes charged.

Keep in mind that each count charges a separate crime.  You must consider each count separately, and return a separate verdict for each count.

There is no burden upon a Defendant to prove that he is innocent.  Instead, the burden of proof remains on the United States throughout the trial.

## <u>REASONABLE DOUBT</u>                                      **F-6**

Reasonable doubt is doubt based upon reason and common sense, and not doubt based on speculation.  A reasonable doubt may arise from careful and impartial consideration of all the evidence, or from a lack of evidence.  Proof beyond a reasonable doubt is proof of such a convincing character that a reasonable person, after careful consideration, would not hesitate to rely and act upon that proof in life's most important decisions.  Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the Defendant's guilt.  Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.

## ESSENTIAL ELEMENTS—RECKLESS ENDANGERMENT          F-7

The crime of reckless endangerment, as charged in Count One of the Indictment, has five essential elements, which are:

One,         the Defendant created a substantial risk for serious bodily injury or death to another, namely, B.B., S.L., E.D., K.D., J.M., Z.P., and W.D.;

Two,         the Defendant created the risk under circumstances manifesting extreme indifference to the value of human life;

Three,       the Defendant engaged in the conduct recklessly;

Four,        B.B., S.L., E.D., K.D., J.M., Z.P., and W.D. are Indians; and

Five,        the offense occurred in Indian country.

For you to find the Defendant guilty of the crime charged in Count One of the Indictment, the United States must prove all of these elements beyond a reasonable doubt; otherwise you must find the Defendant not guilty of this crime.

## ESSENTIAL ELEMENTS—ASSAULT WITH A DANGEROUS WEAPON
F-8

The crime of assault with a dangerous weapon, as charged in Count Two of the Indictment, has four essential elements, which are:

One,    the Defendant assaulted S.L. with the specific intent to cause bodily harm;

Two,    the Defendant used a dangerous weapon, namely, a Jeep vehicle;

Three,   S.L. is an Indian; and

Four,   the offense occurred in Indian country.

For you to find the Defendant guilty of the crime charged in Count Two of the Indictment, the United States must prove all of these elements beyond a reasonable doubt; otherwise you must find the Defendant not guilty of this crime.

## ESSENTIAL ELEMENTS—ASSAULT WITH A DANGEROUS WEAPON                                    F-9

The crime of assault with a dangerous weapon, as charged in Count Three of the Indictment, has four essential elements, which are:

One,        the Defendant assaulted E.D. with the specific intent to cause bodily harm;

Two,        the Defendant used a dangerous weapon, namely, a Jeep vehicle;

Three,      E.D. is an Indian; and

Four,       the offense occurred in Indian country.

For you to find the Defendant guilty of the crime charged in Count Three of the Indictment, the United States must prove all of these elements beyond a reasonable doubt; otherwise you must find the Defendant not guilty of this crime.

## <u>ESSENTIAL ELEMENTS—ASSAULT WITH A DANGEROUS WEAPON</u>                    F-10

The crime of assault with a dangerous weapon, as charged in Count Four of the Indictment, has four essential elements, which are:

<u>One</u>,            the Defendant assaulted K.D. with the specific intent to cause bodily harm;

<u>Two</u>,            the Defendant used a dangerous weapon, namely, a Jeep vehicle;

<u>Three</u>,         K.D. is an Indian; and

<u>Four</u>,           the offense occurred in Indian country.

For you to find the Defendant guilty of the crime charged in Count Four of the Indictment, the United States must prove all of these elements beyond a reasonable doubt; otherwise you must find the Defendant not guilty of this crime.

## ESSENTIAL ELEMENTS—ASSAULT WITH A DANGEROUS WEAPON                                    F-11

The crime of assault with a dangerous weapon, as charged in Count Five of the Indictment, has four essential elements, which are:

<u>One</u>,          the Defendant assaulted J.M. with the specific intent to cause bodily harm;

<u>Two</u>,          the Defendant used a dangerous weapon, namely, a Jeep vehicle;

<u>Three</u>,       J.M. is an Indian; and

<u>Four</u>,        the offense occurred in Indian country.

For you to find the Defendant guilty of the crime charged in Count Five of the Indictment, the United States must prove all of these elements beyond a reasonable doubt; otherwise you must find the Defendant not guilty of this crime.

## <u>ESSENTIAL ELEMENTS—ASSAULT WITH A DANGEROUS WEAPON</u>                F-12

The crime of assault with a dangerous weapon, as charged in Count Six of the Indictment, has four essential elements, which are:

<u>One</u>,          the Defendant assaulted Z.P. with the specific intent to cause bodily harm;

<u>Two</u>,          the Defendant used a dangerous weapon, namely, a Jeep vehicle;

<u>Three</u>,        Z.P. is an Indian; and

<u>Four</u>,         the offense occurred in Indian country.

For you to find the Defendant guilty of the crime charged in Count Six of the Indictment, the United States must prove all of these elements beyond a reasonable doubt; otherwise you must find the Defendant not guilty of this crime.

**ESSENTIAL ELEMENTS—ASSAULT WITH A**                              **F-13**
**DANGEROUS WEAPON**

The crime of assault with a dangerous weapon, as charged in Count Seven of

the Indictment, has four essential elements, which are:

One,        the Defendant assaulted B.B. with the specific intent to cause

            bodily harm;

Two,        the Defendant used a dangerous weapon, namely, a Jeep vehicle;

Three,      B.B. is an Indian; and

Four,       the offense occurred in Indian country.

For you to find the Defendant guilty of the crime charged in Count Seven of

the Indictment, the United States must prove all of these elements beyond a

reasonable doubt; otherwise you must find the Defendant not guilty of this crime.

## ESSENTIAL ELEMENTS—ASSAULT WITH A DANGEROUS WEAPON

F-14

The crime of assault with a dangerous weapon, as charged in Count Eight of the Indictment, has four essential elements, which are:

One,        the Defendant assaulted W.D. with the specific intent to cause

           bodily harm;

Two,        the Defendant used a dangerous weapon, namely, a Jeep vehicle;

Three,      W.D. is an Indian; and

Four,       the offense occurred in Indian country.

For you to find the Defendant guilty of the crime charged in Count Eight of the Indictment, the United States must prove all of these elements beyond a reasonable doubt; otherwise you must find the Defendant not guilty of this crime.

## <u>ESSENTIAL ELEMENTS—TERRORIZING</u>                                    **F-15**

The crime of terrorizing, as charged in Count Nine of the Indictment, has four essential elements, which are:

<u>One</u>,          the Defendant, with intent to place another human being, namely,
               B.B., in fear for that person's or another's safety, or in reckless
               disregard of the risk of causing such terror;

<u>Two</u>,          the Defendant threatened to commit a crime of violence or act
               dangerous to human life;

<u>Three</u>,        B.B. is an Indian; and

<u>Four</u>,         the offense occurred in Indian country.

For you to find the Defendant guilty of the crime charged in Count Nine of the Indictment, the United States must prove all of these elements beyond a reasonable doubt; otherwise you must find the Defendant not guilty of this crime.

## <u>ESSENTIAL ELEMENTS—USE OF A FIREARM</u> <br> <u>IN RELATION TO A FELONY CRIME OF VIOLENCE</u>                    F-16

The crime of use of a firearm in relation to a felony crime of violence, as charged in Count Eleven of the Indictment, has two essential elements, which are:

<u>One</u>,         the Defendant committed the crime of Terrorizing, as set forth in Count Nine of the Indictment; and

<u>Two</u>,         the Defendant knowingly used a firearm during and in relation to that crime.

For you to find the Defendant guilty of the crime charged in Count Eleven of the Indictment, the United States must prove all of these elements beyond a reasonable doubt; otherwise you must find the Defendant not guilty of this crime.

**Brandishing Determination**

If you find the Defendant guilty of the crime charged in Count Eleven of the Indictment, you must then determine unanimously and beyond a reasonable doubt whether the Defendant brandished the firearm during the course of the offense.

## <u>"INDIAN" AND "INDIAN COUNTRY" DEFINED</u>                    F-17

"Indian" means a person who has some Indian blood and is recognized as an Indian.  Factors to be considered are membership in an Indian tribe, eligibility for enrollment in an Indian tribe, and whether the individual has held himself or herself out to be an Indian.

"Indian country" means all land within the limits of any Indian reservation under the jurisdiction of the United States Government, notwithstanding the issuance of any patent, and including rights-of-way running through the reservation; all dependent Indian communities within the borders of the United States whether within the original or subsequently acquired territory thereof, and whether within or without the limits of a state; and all Indian allotments, the Indian titles to which have not been extinguished, including rights-of-way running through the same.  The Turtle Mountain Reservation is Indian country as defined herein.

## STIPULATED FACTS—INDIAN AND INDIAN COUNTRY                    F-18

The United States and the Defendant have stipulated—that is, they have agreed—to the fact that B.B., S.L., E.D., K.D., J.M., Z.P., and W.D. are Indians and to the fact that the alleged offenses, if committed at all, occurred in Indian country. You must therefore treat those facts as having been proved.

## "ASSAULT" DEFINED                                       F-19

An "assault" is any intentional and voluntary attempt or threat to do injury to the person of another, when coupled with that apparent present ability to do so, which is sufficient to put the person against whom the attempt is made in fear of immediate bodily harm.

An "assault" also includes battery, that is, any intentional and voluntary harmful and offensive touching of another person without justification or excuse.  In this type of "assault," the victim need not experience a fear of immediate bodily harm or even be aware that the defendant was about to assault him.

## **"DANGEROUS WEAPON" DEFINED**                                    **F-20**

A "dangerous weapon" is any object, used in a manner likely to endanger life or inflict bodily harm.  The object need not be inherently dangerous or a "weapon" by definition.  The determination of whether an object is a dangerous weapon depends on the manner in which it was used.  There is no requirement that the victim actually suffered bodily injury as a result of the assault.

## **"KNOWINGLY" DEFINED**                                   **F-21**

The United States is not required to prove that the Defendant knew that his acts or omissions were unlawful.  An act is done knowingly if the Defendant is aware of the act and does not act through ignorance, mistake, or accident.  You may consider evidence of the Defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the Defendant acted knowingly.

**"RECKLESSLY" DEFINED**                                    **F-22**

A person engages in conduct "recklessly" if he engages in the conduct in conscious and clearly unjustifiable disregard of a substantial likelihood of the existence of the relevant facts or risks, such disregard involving a gross deviation from acceptable standards of conduct.

**"USED A FIREARM" DEFINED**                                      **F-23**

The phrase "used a firearm" means that the firearm was actively employed in the course of the commission of the crime of Terrorizing.  You may find that a firearm was used during the commission of the crime of Terrorizing if you find that it was brandished, displayed, bartered away, used to strike someone, fired or attempted to fire, or if the defendant made references to a firearm that was in the Defendant's possession.  However, mere possession of the firearm at or near the site of the crime without active employment is not, by itself, sufficient to constitute use of the firearm.

In determining whether a defendant used a firearm, you may consider all of the factors received in evidence in the case including the nature of the underlying crime of violence alleged, the proximity of the defendant to the firearm in question, the usefulness of the firearm to the crime alleged, and the circumstances surrounding the presence of the firearm.

## **"BRANDISH" DEFINED**                                      **F-24**

The term "brandish" means, with respect to a firearm, to display all or part of the firearm, or otherwise make the presence of the firearm known to another person, in order to intimidate that person, regardless of whether the weapon was directly visible to that person.  Accordingly, although the firearm does not have to be directly visible, the weapon must be present.

## PROOF OF INTENT OR KNOWLEDGE                                    F-25

Intent or knowledge may be proved like anything else.  You may consider any statements made and acts done by the Defendant, and all the facts and circumstances in evidence which may aid in a determination of the Defendant's knowledge or intent.

You may, but are not required to, infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.

## **INFERENCES**                                                                                              **F-26**

Inferences are simply deductions or conclusions which reason and common sense lead the jury to draw from the evidence received in the case.

## GENERAL CLOSING INSTRUCTIONS                          F-27

You will now go into the jury room and begin your deliberations.   In conducting your deliberations and returning your verdicts, there are certain rules you must follow.  I will list those rules for you now.

<u>First</u>, when you go to the jury room, you must select one of your members as your foreperson.  That person will preside over your discussions and speak for you here in court.

<u>Second</u>, it is your duty as jurors to discuss this case with one another in the jury room.  You should try to reach an agreement if you can do so without violence to individual judgment, because the verdicts—whether guilty or not guilty—must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right, or simply to reach the verdicts.

<u>Third</u>, if the Defendant is found guilty, the sentence to be imposed is my responsibility.  You may not consider punishment in any way in deciding whether the United States has proved its case beyond a reasonable doubt.

Fourth, if you need to communicate with me during your deliberations, you may send a note to me through the court security officer, signed by one or more jurors.  I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone—including me—how your votes stand numerically.

Fifth, your verdicts must be based solely on the evidence and on the law which I have given to you in my instructions.  The verdicts, whether guilty or not guilty, must be unanimous.  Nothing I have said or done is intended to suggest what your verdicts should be—that is entirely for you to decide.

Sixth, you will set your own schedule for deliberations.  Please inform the court security officer when you decide to take breaks, when you conclude deliberations for the day, and when you intend to reconvene.

Finally, a verdict form has been prepared for your convenience.  This form is simply the written notice of the decision that you reach in this case.  You will take this form to the jury room, and when each of you has agreed on the verdicts, your foreperson will fill in the form, sign and date it, and advise the court security officer that you are ready to return to the courtroom.

You will now take this case, try it fairly and impartially between the parties, and return such verdicts as are warranted under all the evidence and these instructions.